Good morning, Your Honors. Jan Norman on behalf of the petitioner David Flores. There are basically three components to the argument plus a cumulative argument that relates to the prejudice. If the Court does not want a specific issue addressed immediately or has – I will address the address jury instruction issue first. Basically, the argument is that both the Court of Appeals and the district court applied a harsher standard to determine whether or not the jury instruction should have been given than actually – You're talking about the jury instruction on duress? Yes. Yes, Your Honor. Okay. Okay. A jury instruction on duress has both an objective component, which is that a reasonable person, that the menace or implied menace or threat, would cause a reasonable person to fear immediate harm. The second component is a subjective, which is basically, did the defendant feel threatened that his life would be in danger? Let me stop you just a little bit. It's my understanding that what we're really arguing about here is California law. Wouldn't you agree? Yes. Yes. And if, in fact, we're really arguing about California law and whether California law would require this duress instruction or whether there wouldn't, and the California Court of Appeals says it doesn't, and the California Supreme Court denies review, then I'm wondering why it is that I'm here wondering whether there's due process. If California, looking at their own law and interpreting it, and their best courts say no instruction necessary, then I guess I'm trying to figure out why in the devil that I would go in and look at it and try to challenge that. It seems to me they know better what their law is than I do. So I'm just this Idaho yahoo, and I'm looking at this. And so I'm wondering why, then, it seems to me the analysis on that particular issue is over when given what California said. Well, first of all, I would argue that there is a constitutional underpinning when you have a argument. I understand there's a constitutional underpinning. Let me try to answer your question specifically. The opinion that we have to look at is the court of appeals' opinion affirming the judgment, and it actually addressed the address. Address. I cannot talk about it. The duress issue. The duress issue. The California court of appeals basically said there was no evidence that Flores was actually in danger or there was any specific threat made. What I'm saying is that this is unreasonable because that is not what is required under the law, California law. Let me follow up on Judge Smith's question. Let's see if we can focus for a second. You agree that under California law, duress is not a defense to murder? Correct. So we're not talking about the murder counts right now. Correct. But if he's found innocent of both the robbery and the kidnapping, which are the felonious murder, if you eliminate both of those, you eliminate the murder and the force. Well, but you agree that the State need not have duress be a defense to any crime. There's no constitutional requirement that duress be a defense. I would argue that there is a constitutional right to present a defense to any claim and that in this particular case, the defense was I lacked the mens rea because I was being menaced by who was the? So tell us again why, and I think there's an answer to Judge Smith's question, but I still haven't heard it from you, why it is we're dealing with a Federal question here as opposed to a State law question. What makes this a Federal question? The Sixth Amendment. In what way? The right to present a defense. So is it your position that if the California courts err as a matter of California law in allowing a defense, then you have a Sixth Amendment problem? My argument is that by denying Mr. Flores the right to present a defense, it violates the Federal Constitution. Isn't that a due process argument? Yes. And a due process. And the Fourteenth Amendment. Thank you, Your Honor, as well. Well, you argued due process, but I guess I'm still having another, I'm still having the same problem, because if there is no constitutional right to address instruction, only a constitutional right to a defense, and the California law is so interpreted by California courts that in this particular matter, the rest instruction was not needed. I'm still trying to figure out why, then, it's a due process violation. Because, frankly, California knows better what their law is than I do. Now, I could go through their law. I know that we did in Bradley. In fact, in Bradley, Judge Graber made a very harsh dissent, saying you shouldn't get into this kind of stuff. But, on the other hand, the two that were on the opposition said we're going to get in there and see whether we agree with the California courts about what they're saying. I say to myself, why in the devil did they ever go there? And that's why I'm asking you. Well, let me try this again. I think as a matter of Federal constitutional law, a defendant has the right under both the Sixth and the Fourteenth Amendment to present a defense. Okay. I think you're probably right. I mean, there's probably some Federal case law that says that. A defendant has a right to present a defense. But how do we judge when the State court – what's the Federal principle of due process? How do you define it? When the State court fails to correctly interpret or – I should not interpret – apply its own law. And that's what I'm saying that the court of appeal did. They did not correctly apply California law. And in incorrectly applying it. Well, I don't – what Supreme Court case says that that's the test that we apply for looking to determine whether failure to allow a defense rises to the level of a Federal constitutional. What Supreme Court case would you say, okay, judges, take a look at the Supreme Court case, and this will tell you what principles you should apply in deciding whether or not there's been a due process violation here? Your Honor, I know that there are such cases. And I know that I've cited them in other briefs, but I cannot cite them. You didn't cite them here. You're correct, Your Honor. I did not cite them here. Bradley is probably your best case from this circuit because Bradley does look at the State law claims and evaluate them in a habeas context. But assume that you're right, that there's a Federal due process right to present a defense. The California court of appeal here says this defense is not available to you under State law because the facts of the case don't justify it. Don't we have to find that to be an unreasonable determination of fact by the California court? Only if the California court correctly interprets their own law. See, and that's where I'm having some difficulty with you. They must have some ‑‑ they must get some level of deference.  So even if this is an appropriate Federal habeas case, what ‑‑ how do we ‑‑ by what standard do we review the determinations of the court of appeal? I don't know whether or not they applied the law in a way that's unreasonable and contrary to Federal constitutional law. As determined by the United States Supreme Court. Right. And I keep ‑‑ Judge Hurwitz pointed to Bradley, which is a Ninth Circuit opinion. But what United States Supreme Court did you want us to say they unreasonably applied here? I mean, you've got to ‑‑ I understand your question, Your Honor. Okay. Well, you want to save some time. You think about it. Why don't you save some time for rebuttal and think about it? I know there's an answer. I just have to ‑‑  Well, that's fine. Just think about it. You know, my old contract professor used to always say, think about it. You know, think about that. Good morning, Your Honors. May it please the Court. Deputy Attorney General Eric Cohn on behalf of Respondent. With respect to all three claims certified for appeal, I'm here to respectfully request that this Court affirm the district court's denial of the habeas petition. Turning to Petitioner's first claim, the duress instruction, the California Supreme Court of Appeal reasonably concluded under the Sixth Amendment that there was no denial of the right to present a defense. I believe that the Supreme Court precedent we may be talking about is both Henderson and Kupp on the issue of due process, that the heir had to so infect the trial. I mean, there was a basic fundamental constitutional principle that if a defendant has the basics for a defense, I mean, you can't deprive him of a defense. Absolutely. I agree with you 100 percent, Judge Pius. Here, Petitioner was never denied a defense. Petitioner was not allowed an instruction on duress. Petitioner, however, was allowed to present all of the same evidence that went towards the concept of duress, and many of that was relevant to the defense that was instructed on, which was withdrawal from the conspiracy. I'm sorry, go ahead. I'm sorry to interrupt you. One problem with the video is we've got a slight delay. Let me just change the facts of this case a little bit, because I want to explore this, what we can review and what we can't. What if the facts of this case, or at least the facts presented to the jury, were that the co-conspirator put a gun to Mr. Flores' head and said, do this or I'll kill you, and the state court refused to give a duress instruction? Could we then grant habeas relief? Well, I think the question then would be if the California Court of Appeal, when they reviewed the trial court's decision not to give the instruction, appropriately considered the law and the evidence as it related to the law. Let's just say they looked at all the cases and they looked at all the evidence and they said, yeah, we just don't think that having a gun to your head constitutes duress. And duress is a defense under California law to some of the non-murder charges here. What would a federal habeas court do with that set of facts? I think a federal habeas court would have to say that the court's failure to give the instruction in the California Court of Appeals, as in your hypothesis,  So the court's idea would be to say, oh, you know, I think Mr. Flores' disaffirmance of that decision so infected the trial that he could not get a fair trial. A fair trial, right. Okay. So your idea is it so infected the entire trial that the resulting conviction violates due process is the standard by which I can even review what California does on its own decision about its own law. I think at best, Judge Smith, but I agree in the sense that when you were discussing the nature of this being a State law claim, that this really is not even a Federally cognizable claim. I addressed the merits of if we consider it a cognizable claim. However, I do agree that it's a State law issue. And you agree that even though this is an omitted instruction, that it's the same standard for the omitted as refusing to give one. I'm not sure I understand the question. If you could ask it one more time, please. As I understand it, when the defendant wants an instruction and then doesn't get it, or you get an instruction that you want and he doesn't want you to have, either way, it would be the same standard. Yes, Judge Smith. The standard here being very clear that there needs to be evidence on both the subjective component and the objective components of duress, and the findings here being based on the absence of evidence on the objective component. All evidence being considered. Let me ask you. Even if you concluded that there – that this rose to the level of a due process violation, you still have to do a Brecht analysis, right? Absolutely. Absolutely, Judge Pius. And as I've argued in my brief, under Brecht, there's no way we can find a substantial and injurious effect of not giving the instruction if we assume there's error. We had the testimony of Meza identifying Petitioner and pointing out the very clear voluntary participation in the offenses, that he was pointing the gun, pointing the flashlight, directing her where to go, asking where money was, pulling a phone out of the wall. More importantly, he was dressed in all black, all black, including a hat, even though he claimed he was awakened in the middle of the night with no idea he was going to commit a crime. But somehow when he comes out to that car to see Valdez, he seems to be in the perfect uniform to go commit that crime, with no opportunity to then go put those clothes on. No, he was dressed that way. And he was handed his own gun. He never saw the gun when he got into the car. There's no evidence that that got him in the car. He was handed his own gun, and it seems quite odd that somebody who was using duress to get somebody to commit a crime would then hand them a weapon that could then escalate everything into a shootout between the two of them instead of the crime. More importantly, when he was asked, Petitioner, at trial, why were you afraid of Valdez, the answer was, I don't know. And Petitioner cites to the fact that Valdez committed previous crimes of this nature, which scared him, that, well, if I refuse, then he'll do the same to me. But actually, his evidence is contrary to that, because he had refused in the past and nothing happened to him. So I would argue that under breath, if we assume error, clearly the standard of substantial and injurious effect hasn't been met. Quickly, on the other two claims, I would argue with respect to the Crawford violation, that even under an independent standard of review, Petitioner's failed to show entitlement to relief because the statement was clearly nontestimonial. And again, under breath, there's no harm for the same – based on the same evidence I've cited. And on the third – Let me ask you – can I ask you a question about that? And this is – what's your position about how much of Roberts survives with respect to nontestimonial statements? You know, we said in the Wharton case years ago that you still apply the Roberts analysis to nontestimonial statements. The Supreme Court reversed. It wasn't clear whether it did away with that statement or just the retroactivity part of it. Do you think that we still have to apply the Roberts analysis to nontestimonial statements? I don't, based on Crawford, think that it applies, as I've discussed in my brief. I don't think the Roberts reliability standard applies here at all. Turning to the third claim. If we disagree with you on that particular matter, then what? That the Roberts applies? Right. I still think that there's been no showing of any sort of confrontation clause violation here. We have a nontestimonial statement between two co-conspirators not made in furtherance of the conspiracy. It's not an inculpatory statement. It was almost a debriefing after the crime. I very much appreciate my colleague's question, because it is unclear to me now whether Roberts would apply or it wouldn't. It seems to me I would agree with you, but I'm not sure. So that's why I think it's important for you to concentrate, then, on the Roberts test, which is what? Reliability. Right. Didn't I remember correctly? It's been a while since I looked at these briefs. But I thought the appellant sort of abandoned the Crawford approach and advanced a due process argument in the reply brief. I think that's been the problem with the argument in general. It started out as a Crawford claim that I actually think, if we take a deeper look at, was really also a State law challenge, not a Federal issue. And then for the first time in a reply brief, it's raised to now a Bruton claim. Now, first of all, I don't think the merits of that should be considered because it was raised for the first time in the reply brief. In the reply brief. In the reply. And under both Miller and Eberle, that's not an appropriate tactic, because I never had the opportunity to respond on that. But that's not even how the district court rejected the claim in the first place. That's right. Okay. With respect to the third claim on ineffective assistance, I would argue that the Los Angeles Superior Court reasonably applied Strickland in finding that Petitioner had failed to make a prima facie case of ineffective assistance. And Petitioner has failed to show any reasonable, that there was no reasonable basis for that ruling by the California court. The claim which can be boiled down into two, one being failure to present lay witnesses, the other being failure to present expert witnesses, all of those claims are conclusory. There's never been a declaration submitted from counsel discussing any basis or lack of basis for not calling them. There's never been a declaration submitted on behalf of any of these purported witnesses that they were available, that they would testify, and what they would testify to. With respect to the third claim, there's never been a declaration submitted identifying who these purported expert witnesses were. And even if we were to accept this testimony and consider it, none of it would have refuted the overwhelming evidence that Petitioner was a willing participant. With that, Your Honors, I would ask this Court again to affirm the district court's claim to Petitioner's fail to show a sufficient basis for relief. And I respectfully request that this Court deny the petition for a disavious court. Thank you. Thank you. I believe we had a minute for rebuttal. I think the question about the due process violation was actually addressed in my colleague's comments. And basically, it has left the so infected the trial that it's a resulting conviction violates due process. So that is the due process hook for this. In other words, I'm saying that the failure to give the duress instruction violated his right to a due process. Rendered the trial fundamentally unfair. Unfair. I'm having trouble this morning talking. And the reason why. But then you've got to show us simply more than the California court made the wrong decision. You've got to show that the trial was so unfair that this conviction can't stand. Which goes to the prejudice analysis. Correct? Your Honor, am I on the right page here? We have the prejudice analysis is how it infected the trial. And when you look at that analysis, which is slightly different from the Brecht analysis, basically you want to say how was the trial fundamentally unfair. And looking at that, I don't think you can piecemeal that out. I think you have to take the cumulative effect of both the failure to give the duress, the inadmissible hearsay statement, and at least portions of the ineffective assistance of counsel. Now, Your Honors, I apologize for the fact that my client didn't have these declarations and I understand and did not then therefore argue about the ballistics or the footprint expert. But I think with regard to the three witnesses, there was sufficient evidence in the record that they had made statements that were contrary to what the wife said and that she had also made statements to the police that were contrary to what she actually testified to at trial. And Valdez, who was the ringleader of all this, I don't think his testimony is credible because obviously he had a bias and wanted to please the police and get out from under the liability himself. We're over your time, but so we appreciate this. There's nothing else, Your Honors. Okay. Thank you. It went the other way this time. Thank you. Yeah. The schedule over your time, it started going up. Okay. Let's see. Thank you, counsel, for your arguments. They were very helpful. The matter is submitted at this time, and we'll move on to our next case for arguments.
judges: Paez, Smith, Hurwitz